TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4242
     Facsimile: (213) 894-3713
     E-mail:    Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-939(A)-GW-8 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ARMANDO ALBARRAN |
| v. | |
| ARMANDO ALBARRAN, et al., | |
| Defendants. | |

1.  This constitutes the plea agreement between defendant Armando Albarran ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

    a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one, two, ten, and thirty of the First Superseding Indictment in United States

1 v. Armando Albarran, et al., CR No. 09-939(A)-GW, which charge
2 defendant with conspiracy to commit racketeering, in violation of 18
3 U.S.C. § 1962(d); racketeering, in violation of 18 U.S.C. § 1962(c);
4 commission of a violent crime in aid of racketeering, in violation of
5 18 U.S.C. § 1959(a)(5); and conspiracy to distribute methamphetamine,
6 in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

     b.   Not contest facts agreed to in this agreement.

     c.   Abide by all agreements regarding sentencing contained in this agreement.

     d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

     e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

     f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

     g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

     a.   Not contest facts agreed to in this agreement.

     b.   Abide by all agreements regarding sentencing contained in this agreement.

      c. At the time of sentencing, move to dismiss any remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), the following must be true:

      a. The enterprise alleged in count one of the First Superseding Indictment existed;

      b. The enterprise engaged in activities that affected or would affect interstate or foreign commerce; and

      c. Defendant knowingly and intentionally agreed that a co-conspirator (which may include the defendant) would violate Title 18, United States Code, Section 1962(c), through a pattern of racketeering activity.

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity.

"Racketeering activity" includes any act or threat involving murder, kidnaping, robbery, extortion, or dealing in a controlled substance, which is chargeable under state law and punishable by imprisonment for more than one year.

A "pattern of racketeering activity" is at least two racketeering acts within ten years of each other that have a relationship to each other and a threat of continuity. Conduct forms a pattern if it consists of criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.

5.  Defendant understands that, for defendant to be guilty of the crime charged in count two, that is, racketeering, in violation of Title 18 of the United States Code, Section 1962(c), the following must be true:

    a.  There was an on-going enterprise consisting of a group of persons associated together for a common purpose;

    b.  Defendant was employed by or associated with the enterprise;

    c.  Defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity or collection of unlawful debt; and

    d.  The enterprise engaged in or its activities in some way affected interstate commerce.

6.  Defendant understands that, in order for defendant to be guilty of the crime charged in count ten, that is, the commission of a violent crime in aid of racketeering, in violation of Title 18 of

the United States Code, Section 1959(a)(5), the following must be true:

    a. On or about the time period described in count one, an enterprise affecting interstate commerce existed;

    b. The enterprise engaged in racketeering activity;

    c. Defendant conspired with others to commit murder, in violation of California Penal Code Section 187; and

    d. Defendant's purpose in committing the crime was to maintain or increase his position in the enterprise.

7. Defendant understands that, for defendant to be guilty of the crime charged in count thirty, that is, the conspiracy to distribute controlled substances, in violation of Title 21 of the United States Code, Sections 846 and 841(a)(1), the following must be true:

    a. Defendant entered an agreement with at least one other person to commit the crime of distribution of a controlled substance; and

    b. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

In order for defendant to be subject to the statutory maximum and mandatory minimum sentences set forth herein for the violation charged in count thirty, the government must prove beyond a reasonable doubt that it was foreseeable to the defendant that the conspiracy to which he was a part involved the distribution of at least 50 grams or more of actual methamphetamine or 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

8. Defendant admits that he is, in fact, guilty of the offenses charged and described in counts one, two, ten, and thirty of the First Superseding Indictment and that the offense described in count five involved the distribution of more than 50 grams of actual methamphetamine or 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

## PENALTIES

9. Defendant understands that the statutory maximum sentence that the Court can impose for each of the violations of Title 18, United States Code, Section 1962(c) and 1962(d), is: imprisonment for life; a 5-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands that the statutory maximum sentence that the Court can impose for the violation of Title 18, United States Code, Section 1959(a)(5) is: imprisonment for 10 years; a 3-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A), is: imprisonment for life; a lifetime period of supervised release; a fine of $10,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is:

1  imprisonment for life; a lifetime period of supervised release; a
2  fine of $10,750,000, or twice the gross gain or gross loss resulting
3  from the offenses, whichever is greatest; and a mandatory special
4  assessment of $400.

5      13.  The statutory mandatory minimum sentence that the court
6  must impose for this violation of Title 21, United States Code,
7  Sections 846 and 841(a)(1), (b)(1)(A) is 10 years' imprisonment, a 5-
8  year term of supervised release, and a mandatory special assessment
9  of $100.

10      14.  Defendant understands that supervised release is a period
11  of time following imprisonment during which defendant will be subject
12  to various restrictions and requirements.  Defendant understands that
13  if defendant violates one or more of the conditions of any supervised
14  release imposed, defendant may be returned to prison for all or part
15  of the term of supervised release authorized by statute for the
16  offense that resulted in the term of supervised releases.

17      15.  Defendant understands that, by pleading guilty, defendant
18  may be giving up valuable government benefits and valuable civic
19  rights, such as the right to vote, the right to possess a firearm,
20  the right to hold office, and the right to serve on a jury.
21  Defendant understands that, once the court accepts defendant's guilty
22  pleas, it will be a federal felony for defendant to possess a firearm
23  or ammunition.  Defendant understands that the convictions in this
24  case may also subject defendant to various other collateral
25  consequences, including but not limited to revocation of probation,
26  parole, or supervised release in another case and suspension or
27  revocation of a professional license.  Defendant understands that
28

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

17. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is true and correct and is sufficient to support the pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant is an associate of the Avenues street gang and uses the name "Chivo." The Avenues gang is an enterprise whose members engage in violent crimes and narcotics distribution in Northeast Los Angeles, which is within the Central District of California. As part of his association or membership with the Avenues gang, defendant agreed with others to conduct and participate in the offenses of the

gang, including violent crimes, murder, attempted murder, and narcotics-trafficking as part of a pattern of racketeering activity. As part of their crimes, Avenues members boasted that Avenues "don't just hurt people. We kill them," and that Avenues "don't get chased by cops. We chase them."

On August 2, 2008, defendant met with Avenues gang members Carlos "Stoney" Velasquez, Arnoldo "Nolo" Pineda, Robert "Scanless" Salazar, and Guillermo "Flea" Hernandez. The group repeatedly stated that they were going "gang banging." Velasquez also displayed the gun he was carrying, and defendant asked Velasquez to give the gun to defendant. Velasquez kept the gun and stated that he would be the one to use it. The group then drove to the residence where Los Angeles County Sheriff's Deputy Juan Abel Escalante and his family were staying. Deputy Escalante was in front of the residence at approximately 5:35 a.m. Pineda drove the car and stopped near Escalante. Velasquez got out of the car and shot Deputy Escalante six times in the head and shoulder, killing him. Defendant then drove from the location with Velasquez and the other Avenues gang members.

On January 22, 2009, defendant told an undercover law enforcement officer who was posing as a Mexican Mafia representative that the gun used to kill Deputy Escalante was located at the residence of two other Avenues gang members. Defendant then directed a juvenile Avenues gang member to retrieve the gun from the residence. That gang member was unable to retrieve the gun, and defendant told the undercover officer that a co-conspirator was going to let him and others into the residence in order to search for the

gun.  Defendant also told officers that he had hidden the barrel of the gun that was used to kill Deputy Escalante by burying it.

Defendant agrees that his crimes were committed as part of his association or membership in the Avenues gang and to maintain his position in the gang, and in furtherance of the narcotics-trafficking and violent crimes of the organization, knowing that its members and associates had committed and would commit multiple offenses constituting a pattern of racketeering activity, including violent crimes, conspiracy to commit murder and murder, narcotics-distribution, extortion, and other racketeering offenses.  Defendant knew that the offenses of the Avenues gang and the conspiracy of which he was a part involved the distribution of more than 50 grams of actual methamphetamine and more than 500 grams of a mixture or substance containing methamphetamine, as well as conspiracies to commit murder and attempted murders.  Defendant also admits that the crimes of the organization, including narcotics trafficking, have an effect on interstate and foreign commerce.

## SENTENCING FACTORS

18.  Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

19. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 43 | U.S.S.G. §§ 2E1.1(a)(2), 2A1.1, 2A1.5(c)(3) |
| | -3 | U.S.S.G. § 5K1.1 |
| | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 37 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including the multiple count adjustment pursuant to U.S.S.G. § 3D1. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

20. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

22. The parties also agree that the term of prior imprisonment on Los Angeles County Superior Court Case Number BA350350 shall be credited by the court against the sentence imposed by the court,

pursuant to Sentencing Guideline § 5G1.3, from the time of defendant's arrest on May 25, 2012, and that the sentence imposed shall run concurrently with the time to be served pursuant to defendant's convictions and sentence in that case.

## WAIVER OF CONSTITUTIONAL RIGHTS

23. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

24. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

25. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction that is within the statutory maximum sentence on all counts, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

26. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of not less than the applicable Guidelines range and the mandatory minimum sentence described at paragraph 13, the USAO will give up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

27. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any information or statements related to his plea and any evidence derived from any such information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Plea Information or any evidence derived from any Plea Information should be suppressed or is inadmissible.

## EFFECTIVE DATE OF AGREEMENT

28. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

29. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

    a. If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas.

    b. The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

30. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any

and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

33. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____   10-26-21
CHRISTOPHER BRUNWIN              Date
Assistant United States Attorney

ARMANDO ALBARRAN                 10-15-21
_____  Date
ARMANDO ALBARRAN
Defendant

_____  10-15-2021
CARLOS JUAREZ                    Date
Attorney for Defendant ARMANDO
ALBARRAN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*ARMANDO ALBARRAN*     *10-15-21*
ARMANDO ALBARRAN         Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ARMANDO ALBARRAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

18

forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____  　　　10-15-2021
CARLOS JUAREZ  　　　　　　　　　　　Date
Attorney for Defendant ARMANDO
ALBARRAN